AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** [X] COMPLAINT  [ ] INFORMATION  [ ] INDICTMENT  [ ] SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. sec. 922(g)(1)

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

**PENALTY:**
Max 10 years in prison
3 years supervised release following incarceration
$250,000 fine
$100 special assessment
Forfeiture

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**
▶ Aaron Hammond

**DISTRICT COURT NUMBER**
4-20-70004 MAG

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
ATF SA Andrew Balady

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY  [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form: Frank Riebli
[X] U.S. Attorney  [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) [ ] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [X] On this charge
5) [ ] On another conviction
   [ ] Federal  [X] State
6) [ ] Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  [ ] Yes  [ ] No
If "Yes" give date filed

**DATE OF ARREST** ▶ Dec. 31, 2019
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶

FILED JAN 03 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

[ ] This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
[ ] SUMMONS  [ ] NO PROCESS*  [X] WARRANT    Bail Amount: No bail

If Summons, complete following:
[ ] Arraignment  [ ] Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Aaron Hammond | ) | Case No.  4-20-70004 |
| | ) | |
| | ) | MAG |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  December 29, 2019  in the county of  Contra Costa  in the Northern District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. sec. 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

See attached affidavit of ATF SA Andrew Balady

☑ Continued on the attached sheet.

Approved as to form /s/
AUSA Frank Riebli

_____
Complainant's signature

ATF SA Andrew Balady
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  1/3/20

City and state:  Oakland, CA

_____
Judge's signature

Hon. Donna M. Ryu, U.S. Magistrate Judge
*Printed name and title*

FILED
JAN 03 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR A CRIMINAL COMPLAINT

I, Andrew Balady, Special Agent, Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn state:

## INTRODUCTION

1. I make this affidavit in support of a criminal complaint charging Aaron HAMMOND with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For the reasons stated below, I submit that there is probable cause to believe that, on or about December 29, 2019, HAMMOND possessed a Glock pistol in San Ramon, in the Northern District of California.

2. The information contained within this affidavit is based upon information I have gathered in my investigation, my personal observations, my training, experience and information received from other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that there has been a violation of 18 U.S.C. § 922(g)(1) for felon in possession of a firearm.

## AFFIANT'S TRAINING AND EXPERIENCE

3. I am a Special Agent ("SA") of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since July 2017. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF National Academy Special Agent Basic Training Course. My duties

1

include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime. I am also an ATF Firearms Interstate Nexus Expert, in which I have received 40 hours of training the identity and origin of firearms and ammunition. Prior to being an ATF Special Agent, I was employed as a police officer with the Belmont, California Police Department from approximately September 2013 to May 2017. During my employment with the Belmont Police Department, I was assigned to the Patrol Division as a patrol officer and I had the collateral duty of being an Evidence Technician in the Crime Scene Unit.

   4.   As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the possession of firearms and ammunition by convicted felons. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics/firearms trafficking, as well as the criminal possession and use of firearms. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants. I have reviewed numerous law enforcement reports. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records.

   5.   The information in this affidavit, including the opinions which I have formed and statements set forth herein, is based upon my training and experience in the field of firearms and illegal narcotics investigations, personal participation during the course of this investigation,

knowledge obtained from investigative reports, reliable sources of information relative to this investigation, consultation with other experienced local and Federal law enforcement officials, and upon my examination and review of various reports and other records. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or indirectly in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.

## APPLICABLE LAW

6.	Under 18 U.S.C. § 922(g)(1), it is unlawful for any person, who has been previously convicted of a crime punishable by imprisonment for a term exceeding one year, to knowingly possess a firearm/ammunition that has traveled in or affected interstate commerce.

## FACTS SUPPORTING PROBABLE CAUSE

7.	On or about December 29, 2019, a San Ramon Police Department (SRPD) police officer was conducting patrol in the City of San Ramon when he observed Aaron HAMMOND driving a silver Chevrolet sedan which had dark tint on the front windows, a violation of the California Vehicle Code. The officer recognized HAMMOND from prior booking photos and knew HAMMOND was on active parole following an 11-year state prison term for manslaughter. According to the police report, the vehicle HAMMOND was driving was registered to HAMMOND. The officer activated his patrol vehicle's emergency equipment, including the forward-facing red light, and attempted to conduct a traffic stop. HAMMOND failed to yield and continued driving west on Crow Canyon Road. As HAMMOND neared Camino Ramon, the officer used his horn to try to get HAMMOND to comply. HAMMOND

instead accelerated away. He reached speeds in excess of 60 mph in a 40 mph zone, and failed to stop at a red light at the Crow Canyon / 680 offramp intersection in his effort to escape. As he passed through the intersection of Crow Canyon Road and San Ramon Valley Blvd, HAMMOND accelerated again, to approximately 80 miles per hour. Due to public safety concerns, the officer terminated pursuit at the intersection of Crow Canyon Road and Old Crow Canyon Road, and HAMMOND got away.

8.  About two hours later, SRPD officers were dispatched for the report of a recovered firearm by a citizen in the roadway of Crow Canyon Road. The citizen reported that he located the firearm in the roadway of westbound Crow Canyon Road, just west of the Old Crow Canyon Road intersection, which was very near the area where the pursuit was terminated. The firearm, a loaded Glock Model 26 pistol, was taken into custody and submitted to the Contra Costa County Crime Laboratory for forensic analysis. The firearm had scrapes on the grip and on the frame near the muzzle, consistent with having been thrown onto the roadway.

9.  On or about December 31, 2019, the crime lab located a latent print on the pistol's magazine. A fingerprint examiner compared that print to HAMMOND's known prints and concluded that the fingerprint on the magazine was from HAMMOND's left index finger. Continuing on that date, a state felony arrest warrant was issued for HAMMOND for evading, and HAMMOND was located and arrested in Livermore by the Livermore Police Department.

10. On or about January 2, 2020, I reviewed HAMMOND's criminal history, which revealed that HAMMOND has multiple prior felony convictions, including a 2002 conviction for assault with a deadly weapon (force likely to produce great bodily injury), for which he was sentenced to prison for four years; a 2002 conviction for felony evading, for which he received a three-year prison term (concurrent); a 2004 conviction for auto theft, for which he received a

two-year prison term; and the 2009 conviction for voluntary manslaughter, for which he received an 11-year state prison term.

11. Continuing on that date, I reviewed photographs of the recovered firearm. The photographs depicted a Glock Model 26, 9x19mm caliber pistol, bearing serial number ADGH950. Based on my training and experience, I know that Glock pistols are manufactured outside the State of California. Therefore, I believe that this pistol traveled in interstate commerce in order to be recovered in California.

## CONCLUSION

12. Based upon the foregoing, I submit that there is probable cause to believe that Aaron HAMMOND has violated 18 U.S.C. § 922(g)(1) for felon in possession of a firearm.

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Andrew M. Balady
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed before me this 3 day of January, 2020.

_____
HON. DONNA M. RYU
United States Magistrate Judge

5