**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**AARON BRANDT HAMMOND,**<br>Defendant. | CASE NO. 20-cr-00039-YGR-1<br><br>**ORDER GRANTING MOTION TO REVOKE RELEASE ORDER; CONTINUING STATUS DATE**<br><br>Re: Dkt. No. 29 |

Defendant Aaron Brandt Hammond was indicted by a grand jury on January 30, 2020 for violation of 18 U.S.C. § 922(g) (Felon in Possession of a Firearm and Ammunition). At the outset, defendant was detained and waived a hearing. However, after the outbreak of the coronavirus (COVID-19) pandemic, defendant filed a renewed motion for release.

After a detention hearing held on April 16 and 23, 2020, Magistrate Judge Nathanael Cousins ordered that defendant be released into the custody of his sister on $50,000 unsecured bond. (Dkt. No. 23.) In so ordering, Magistrate Judge Cousins noted that although the case presented a "close call," the risks of keeping defendant in custody at Santa Rita Jail during the COVID-19 pandemic outweighed the risks of release. The government subsequently filed a motion to revoke the release order, which defendant opposed. This Court stayed defendant's release pending resolution of the motion. On April 29, 2020, the Court held an emergency hearing on the motion, at which the Court heard from counsel for both parties, the defendant, and pretrial services.[1]

Having carefully considered the papers submitted, the transcript of the proceedings before the magistrate judge and the magistrate judge's order, and the statements and arguments of the

---

[1] The hearing was held telephonically, in accordance with Northern District of California General Order No. 72 – Temporary Use of Teleconferencing, Videoconferencing, and Other Procedures in Criminal Matters Pursuant to the Coronavirus Aid, Relief, and Economic Security Act. Defendant waived his personal appearance and consented to a telephonic appearance albeit a hearing in this matter was not mandated.

participants at the hearing, and for the reasons set forth below, the Court **GRANTS** the government's motion.

I. **LEGAL STANDARD**

A district court possesses the authority to revoke a magistrate judge's pre-trial release order. 18 U.S.C. § 3145(a). The district court's review of a release order is *de novo* and "is to be conducted without deference to the magistrate's factual findings." *United States v. Koenig*, 912 F.2 1190, 1192 (9th Cir. 1990).

The Bail Reform Act of 1984 permits pretrial detention where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). The government bears the burden of proving a danger to the community by clear and convincing evidence and a flight risk by a preponderance of the evidence. 18 U.S.C. § 3142(f)(2)(B); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

II. **DISCUSSION**

In its motion, the government argues that Magistrate Judge Cousins' release order should be revoked because defendant presents both a flight risk and a danger to the community. The government highlights defendant's extensive criminal history, including convictions for crimes of violence, and his repeated violations of parole and probation. The government contends that if released, defendant would be largely unsupervised. Further, the government avers that defendant has not shown that conditions at Santa Rita are uncontrolled or that he is at a high risk of serious

1    illness if he contracts COVID-19 while in custody.

2        Defendant counters that the conditions at Santa Rita are such that he is at a heightened risk
3    of infection in the facility, and moreover, he may be in a high-risk category because he suffers
4    from "moderate" asthma.  Defendant further contends that under the magistrate judge's order, he
5    would be released to the custody of his sister, a stable, employed homeowner, with electronic
6    monitoring, drug testing, and drug treatment as directed by pretrial services.

7        As noted at the hearing on the motion, this Court is mindful of the unprecedent nature of
8    the COVID-19 pandemic and the serious health risks it presents, particularly within the jail and
9    prison setting.  Nonetheless, the Court must balance these risks against the risks of release, which
10   in this case, are significant.

11       As the Court explained during the hearing, the defendant's own actions over a significant
12   period of time show no indication that he can or will comply with the Court's orders.  Defendant
13   has been in and out of jail or prison for much of the last 25 years for crimes involving violence,
14   weapon possession, and fleeing from police or accident scenes.  These incidents are not just
15   distant memories.  The evidence suggests that in the six months before he was arrested on the
16   charges in this case, defendant led police on two high-speed pursuits, both times tossing a loaded
17   gun from the window of the car as he fled.  Defendant also has violated parole and probation
18   repeatedly.  The government proffers that between 1999 and 2017, defendant violated parole and
19   was returned to custody at least 12 times, absconded from parole at least three times, and violated
20   grants of probation at least eight times.  After being paroled on July 28, 2018, defendant failed to
21   report to his parole officer as directed, drove with a suspended license, and admitted to using
22   methamphetamine.  Both his parole officer and pretrial services have recommended that defendant
23   be detained.  While the Court appreciates the defendant's surety's willingness to provide an
24   unsecured bond, the fact that she is not willing to take the extra step and provide her home as
25   security indicates that she too has reservations.

26       When asked to respond to the overwhelming evidence against release, defendant's primary
27   response was that he was scared.  The Court understands the fear, but defendant's fear is an
28   insufficient reason for release.  The Court has no confidence that the defendant will not resort to

his past conduct. He has not shown that he can control his impulses to commit crimes when left to his own devices.

Further, the Court is not persuaded that the conditions of release are anything but theoretical. Pretrial services has notified the Court that if released, defendant would be supervised by the Eastern District of California. Pretrial services in that district likely would not be able to set up electronic monitoring, nor would they conduct a home inspection or conduct drug testing immediately.

Finally, the Court is not persuaded that defendant is particularly likely to contract COVID-19 at Santa Rita or to suffer adverse consequences if he does contract it. Defendant is a 45-year-old with, at most, moderate asthma. While this may put him in a slightly higher risk profile, defendant does not present evidence that such risk is significant or that Santa Rita has not taken measures to mitigate this risk. *See United States v. Crenshaw*, No. 20-cr-00015-JD, Dkt. No. 28 (N.D. Cal. Apr. 18, 2020) (oral order denying request for release due to COVID-19 concerns for defendant with asthma); *compare United States v. Garcha*, No. 19-cr-00663-EJD-1 (VKD), Dkt. No. 26 (Apr. 1, 2020) (granting temporary release where the defendant's "individual circumstances—a compromised immune system and lung damage due to a pulmonary embolism—render him particularly susceptible to infection from the COVID-19 virus while in custody and particularly at risk of severe illness or death as a result of such infection"). Moreover, because defendant's sister continues to work full-time outside the home, releasing defendant into her custody may not actually reduce the risk to defendant.

This Court understands the anxiety caused by the potential for contracting COVID-19. It cannot, however, permit release solely on the basis that a defendant faces the same risk as most other inmates, particularly where, as here, the countervailing risks are significant.

### III. CONCLUSION

For the foregoing reasons, the government's motion to revoke the magistrate judge's release order is **GRANTED**. Defendant's status conference is continued to **May 28, 2020** at **9:00 a.m.** Further details regarding the conference will be provided at a later date.

4

This Order terminates Docket Number 29.

**IT IS SO ORDERED.**

Dated: May 1, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**